## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

JOSEPH A. WASKO, KEVIN L. HICKS,            )
AARON HARDING, DAVID DeBROSSE,              )
COREY L. PRESTON, KEVIN C. DIRRIM,          )
ERNEST WHITE, DARNELL MARSHALL,             )
ADAM McLAUGHLIN, JACK VOIROL,               )
TERRY PALMER, JAUARUS THOMAS,               )
MARIO THOMAS, CORTEZ JENKINS,               )
NICHOLAS CUELLAR,  JOSE COLAZO,             )
LEANDER BROOKS, EUGENE                      )
SINGLETON, MARCUS WILLIAMS,                 )
TERRENCE SPRAGGINS, JEREMY                  )
FIRESTINE, LESLIE N. FUNK, III,             )
DAVID KELTY, BEN SPENCER, MATT              )
CROTEAU, COOLTON HAWKINS, JR.,              )
CALVIN WOOP, ANTHONY ROGERS,                )
SAMUEL ELLINGTON, WILLIAM                   )
ANTHONY BROWN, JOSEPH WYATT,                )
AUTWAN J. JONES, JOSH JONES,                )
TIMOTHY McCLURE, GARY DAVIS,                )
JOHN RIZZO, MARIO POWELL,                   )
KENNETH STIRRATT, JR., GERARDO S.           )
MENDEZ, CHRIS THRASHER, ASKIA               )
WOODS,                                      )
                                            )
              Plaintiffs,                   )
                                            )
       v.                                   )       CAUSE NO. 1:06-CV-085 TLS
                                            )
ALLEN COUNTY JAIL,                          )
                                            )
              Defendant.                    )

### OPINION AND ORDER

Joseph A. Wasko, Kevin L. Hicks, Aaron Harding, David DeBrosse, Corey L. Preston, Kevin

C. Dirrim, Ernest White, Darnell Marshall, Adam McLaughlin, Jack Voirol, Terry Palmer, Jauarus

Thomas, Mario Thomas, Cortez Jenkins, Nicholas Cuellar,  Jose Colazo, Leander Brooks, Eugene

Singleton, Marcus Williams, Terrence Spraggins, Jeremy Firestine, Leslie N. Funk, III, David Kelty,

Dockets.Justia.com

Ben Spencer, Matt Croteau, Coolton Hawkins, Jr., Calvin Woop, Anthony Rogers, Samuel

Ellington, William Anthony Brown, Joseph Wyatt, Autwan J. Jones, Josh Jones, Timothy McClure,

Gary Davis, John Rizzo, Mario Powell, Kenneth Stirratt, Jr., Gerardo S. Mendez, Chris Thrasher,

and Askia Woods, *pro se* prisoners, submitted a complaint under 42 U.S.C. § 1983.

"Because the PLRA does not repeal or modify Rule 20, district courts must accept

complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied." *Boriboune*

*v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). Therefore, before allowing this multi-plaintiff prisoner

lawsuit to proceed, the court must determine whether the permissive joinder requirements of Rule

20 are satisfied.

"Parties may be dropped or added by order of the court on motion of any party or of its own

initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

> [W]e accord wide discretion to a district court's decision concerning the joinder of
> parties. We have recognized that this discretion allows a trial court to consider, in
> addition to the requirements of Rule 20, other relevant factors in a case in order to
> determine whether the permissive joinder of a party will comport with the principles
> of fundamental fairness. If joinder would create prejudice, expense or delay the court
> may deny the motion.

*Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir., 2001) (citations and  quotation marks

omitted). Based on the facts of this case, joinder is not appropriate.

Each of these plaintiffs is proceeding *pro se* and none of them may represent each other.

Because of this, each plaintiff must read and sign each filing related to his claims. In this case, 41

plaintiffs signed the complaint but they did not sign the cover letter, nor submit separate *in forma*

*pauperis* petitions, nor USM-285's. Obtaining signatures from all 41 plaintiffs can be difficult even

when all co-plaintiffs are housed in the same cell block at the county jail, but jail populations are

notably transitory. Inmates are constantly being released or transferred to the Department of

Correction; not to mention being relocated within the jail itself. When they are housed separately and a filing is not jointly signed, Rule 5 requires that it be served on all other parties, including the other plaintiffs. For legitimate security reasons, institutional rules prohibit inmates from corresponding within and between facilities, thereby making compliance with Rule 5 impossible. Additionally, convicted inmates can be relocated at any time. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

> Though the complaint portends to be a class action,

> Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). *See also Rowe v. Davis*, 373 F. Supp. 2d 822, 828 (N.D. Ind. 2005). Each of these plaintiffs is *pro se* and none of them can fairly and adequately protect the interests of the class. Because it would be fundamentally unfair for this case to proceed with multiple *pro se*, prisoner plaintiffs who will very likely be unable to comply with Rule 5, each of the named plaintiffs must be permitted to litigate his claims separately.

Proceeding with multiple, separate litigation for each plaintiff under the same cause number would be distracting at best—and costly, confusing, and grossly inefficient at worst. The high risk of prejudice, expense and delay is unnecessary because separating different lawsuits into separate cause numbers is the routine manner for organizing court documents. Rule 21 provides that, "[p]arties may be dropped [from a case] . . . on such terms as are just." Though it would be unjust to merely dismiss all but the lead plaintiff, it is just to drop the other plaintiffs from this case and direct the clerk to open separate cases for each of them. Nevertheless, this does not preclude any or

all of the plaintiffs from cooperating to the extent that they are able, nor does it prevent these cases from being consolidated for trial if that becomes appropriate at a later date. Rather, separating these *pro se* prisoners into individual cases will merely permit the efficient and just adjudication of their claims.

For the foregoing reasons, the court:

(1) DISMISSES the plaintiffs Kevin L. Hicks, Aaron Harding, David DeBrosse, Corey L. Preston, Kevin C. Dirrim, Ernest White, Darnell Marshall, Adam McLaughlin, Jack Voirol, Terry Palmer, Jauarus Thomas, Mario Thomas, Cortez Jenkins, Nicholas Cuellar, Jose Colazo , Leander Brooks, Eugene Singleton, Marcus Williams, Terrence Spraggins, Jeremy Firestine, Leslie N. Funk, III, David Kelty, Ben Spencer, Matt Croteau, Coolton Hawkins, Jr., Calvin Woop, Anthony Rogers, Samuel Ellington, William Anthony Brown, Joseph Wyatt, Autwan J. Jones, Josh Jones, Timothy McClure, Gary Davis, John Rizzo, Mario Powell, Kenneth Stirratt, Jr., Gerardo S. Mendez, Chris Thrasher, and Askia Woods;

(2) DIRECTS the clerk of this court to open a separate case for each of them with the complaint from this case and to place copies of all pertinent filings from this case in the appropriate new cases; and

(3) DIRECTS the clerk to assign each of the newly opened cases to the same judge who is assigned to this case.

SO ORDERED on April 12, 2006.

      /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4